**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT LEE WRIGHT, III,**

    **Plaintiff,**

**vs.**                                        **CASE NO.  4:24-CV-00051-AW-MAF**

**"STATE OF FLORIDA, ET AL.,"**

    **Defendant.**

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Robert Lee Wright, III, a prisoner proceeding *pro se*, initiated this case with a filing titled "NDFL Pro Se 14.1 Complaint Under Civil Rights Act, 42 U.S.C. 1983 and 81 U.S.C. 1913. Pro Se Prisoner Litigants Filing Civil Rights Complaints in Action Under 28 U.S.C. § 1331 and 1346. Based Upon the Constitutional/Constitution of 1902 Due Process of Law Amendment Complaint." ECF No. 1. Plaintiff did not file a complete motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. The Court screened Plaintiff's filing as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint legally insufficient as filed. ECF No. 3. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if

he did not correct the deficiencies and if he did not file an IPF motion or pay the filing fee. ECF No. 3. Plaintiff had until **March 13, 2024**, to comply but did not do so.

Attempts to direct Plaintiff to follow the proper course of proceeding in this Court have failed. Plaintiff, eventually, filed a "First Amended" civil rights complaint form (ECF No. 14), a second incomplete IFP motion (ECF No. 15), and an "application for a certificate of appealability" (ECF No. 16). Still, the case is due to be dismissed because Plaintiff fails to state a claim and failed to comply with court orders. The case should be closed.

I. **Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled

to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Amended Complaint, ECF No. 14, and "Application for a Certificate of Appealability."

Plaintiff submitted a civil rights complaint naming the "State of Florida

Case No. 4:24-cv-00051-AW-MAF

et al" as the defendant on the cover page and, then, in Section I(B), as a party to this complaint, named "Amendment Complaint" "sued "in individual capacity." ECF No. 14, pp. 1-2. This is improper. A defendant's name must be the same on the cover page of the complaint form and in Section I(B) as a named party to the action.

In the statement of facts, Plaintiff claims he was "sentenced and convicted . . . unfairly . . . with ineffective evidence . . . on live tel[]evision." Id., p. 5. Plaintiff claims that a television broadcast is a violation of the rights of the accused. Id. Plaintiff does not provide any information about his underlying criminal case except that it is a "Hernando County, Brooksville, Florida" case; and his unlawful conviction and sentence was based on two arrest dates. Id.

To further understand Plaintiff's claims, pursuant to Fed. R. Evid. 201, the Court takes judicial notice that Plaintiff is currently serving a nine-year sentence, the result of his conviction in Hernando County Case No. 2019-CF-02365; Plaintiff has been incarcerated, at least, since March 22, 2021.[1] Plaintiff requests appointed counsel so that he can be exonerated. Id., p. 7.

---

[1] See Florida Department of Corrections Corrections Offender Network. https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=U01281&TypeSearch=AI. Accessed: 3/14/2024.

Case No. 4:24-cv-00051-AW-MAF

Simultaneously, Plaintiff filed a pleading titled "Cause and Innocence, 28 U.S.C. § 2254(E)(1)(2006) Application for a Ce[r]tificate of Appealability with the Courts Clerk." ECF No. 16. Notably, Section 2254 is the vehicle under which a prisoner may challenge a state criminal conviction. The Court liberally construes this filing as a memorandum of law in support of Plaintiff's amended complaint. Plaintiff offers several reasons for which the federal courts may hold an evidentiary hearing and argues that, but for the "trial court's error, the jury would [not] have found him guilty." Id., p. 4. The filing makes plain that Plaintiff is attempting to challenge his criminal conviction through a Section 1983 action. Plaintiff admits he did not appeal the criminal case. Id., p. 3. The filing may also be construed as a motion for an evidentiary hearing.

The Defendant is not named properly on the complaint form. Nonetheless, the case is due to be dismissed because the claims Plaintiff raises and the relief he seeks are not available under Section 1983.

## III.   Discussion

A. Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994)

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." McCarthy v. Bronson, 500 U.S.

136, 140 (1991 (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994). A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. See Heck, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487.

Here, Plaintiff was convicted and incarcerated pursuant to his conviction in Hernando County. That conviction remains intact. Thus, because Plaintiff alleges his conviction is unlawful and cannot prevail if the arrest was lawful, his claims are barred by <u>Heck</u> and should be dismissed. If Plaintiff desires to litigate issues attacking the validity of his criminal convictions, he must do so by initiating a habeas petition pursuant to 28 U.S.C. § 2254 and meeting all the requirements for such filing, including the exhaustion of his state court remedies. That case is a separate proceeding for another day subject to a separate case number and separate filing fee.

Accordingly, to the extent Plaintiff's application for a certificate of appealability, ECF No. 16, is a motion for an evidentiary hearing, it should also be **<u>DENIED</u>** as barred by <u>Heck</u>.

B. <u>Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee</u>

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper form. ECF No. 3. The Court directed Plaintiff to either complete the IFP application and submit

the supporting inmate account statements for the six-month period immediately preceding this case (August 2, 2023, through February 2, 2024) or pay the $405 filing fee no later than **March 13, 2024**. See ECF Nos. 3, 13. Plaintiff was further advised that his case would not proceed without a proper IFP application or payment of the fee. Id.

Plaintiff did not pay the $405 filing fee and, instead, submitted two incomplete IFP motions. See ECF Nos. 10, 15. The latest IFP motion suffers the same from the same defects as the first one. ECF No. 15. The Financial Certificate presents three questions requiring a prisoner to disclose his current account balance and the average monthly balances and average monthly deposits for the preceding six months. Id., p. 4. Those questions remain blank. Id. Moreover, Plaintiff did not include any inmate account statements from August 2023. Id., pp. 6-12. The incomplete IFP motion fails to comply with the Court's orders. Plaintiff's IFP motion is **DENIED**.

C. Failure to Follow a Court Order

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs.,

Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, the Court gave Plaintiff until **March 13, 2024**, to correct the deficiencies found in his complaint and to amend on the proper form and to either pay the fee or submit a complete IFP motion. Plaintiff's response was to file more improper documents. See Plaintiff's filings stricken as improper ECF Nos. 5, 7; see also Plaintiff's improper filings ECF No. 11, 12. Such defiance to this Court's order need not be tolerated.[2] Id. Dismissal is appropriate.

## IV.   Conclusion and Recommendation

1.   Plaintiff's motion to proceed *in forma pauperis*, ECF No. 15, is **DENIED WITHOUT PREJUDICE**.

---

[2] Notably, the Court provided Plaintiff with advisements on the proper course of proceeding in federal cases in its orders to amend in Plaintiff's other pending cases, for example, see N.D. Fla. No. 4:24-cv-00006-MW-MAF, Wright v. S.C. McHenry, et al.

Case No. 4:24-cv-00051-AW-MAF

2. For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** as barred by Heck v. Humphrey, 512 U.S. 477 (1994). To the extent Plaintiff's application for a certificate of appealability, ECF No. 16, may be construed as a motion for an evidentiary hearing, the motion should be **DENIED**. This case should also be **DISMISSED** because Plaintiff failed to comply with the Court's orders to either file a complete IFP motion or pay the filing fee pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 14th day of March, 2024.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only

and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).